**Bonnie BREWSTER, Plaintiff,**

v.

**The MANHATTAN LIFE INSURANCE COMPANY, Manhattan Insurance Group, Central United Life Insurance Company, Investors Consolidated Insurance Company and Central United Life, Defendants.**

**Case No. 5:14–cv–13–Oc–22PRL.**

United States District Court,
M.D. Florida,
Ocala Division.

Signed July 31, 2014.

Michael O. Massey, Massey & Duffy, PLLC, Gainesville, FL, for Plaintiff.

Chelsea Carol Harrison, Deborah H. Oliver, Adams & Reese, LLP, Tampa, FL, for Defendants.

## ORDER

ANNE C. CONWAY, District Judge.

Upon the Court's review of this case, it is ORDERED as follows:

1. Plaintiff's Amended Motion to Remand (Doc. No. 6), filed on January 13, 2014, is GRANTED.

A removal notice must be filed "within 30 days after the receipt by the defendant,

through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b)(1). Defendants' Notice of Removal states that Defendant Central United Life Insurance Company first received a copy of the summons and the original Complaint on October 22, 2013. (Doc. No. 1 at ¶ 1.)[1] Defendants did not remove the case to this Court until January 9, 2014. (Doc. No. 1.)

Their protestations to the contrary, it was abundantly clear to the Defendants at the time they were formally served that this case was removable. In that regard, the initial Complaint alleged that (1) Plaintiff was "the beneficiary" under the subject cancer insurance policy; (2) the policy provided that if Hershel Brewster was diagnosed with cancer, Defendants would pay cash benefits; (3) the benefits "were to be paid directly to the beneficiaries, and the beneficiaries [could] use the cash however they decide[d];" (4) "Plaintiff was a beneficiary under the policy from at least the year 2007;" (5) Hershel Brewster was diagnosed with cancer; (6) "[a]lthough Plaintiff was a beneficiary under the policy, payments were not made to her although over $100,000 in payments were made under the policy to Mr. Brewster alone;" and (7) "[t]o date, Plaintiff has received nothing from the Policy." (Doc. No. 1–1 at pp. 26–27, ¶¶ 4–10.) Even if, as Defendants suggest, they believed Plaintiff was only seeking half of the payments made under the policy based on representations made by Plaintiff's counsel prior to formal service, the Defendants' own payment records attached to their removal notice establish

that more than $400,000 in claims were paid under the policy. (Doc. No. 1–2.) Obviously, half of that figure comfortably exceeds the jurisdictional threshold. Hence, at the time of formal service of the initial Complaint, Defendants knew that Plaintiff was seeking at least half of the sums paid under the policy, the total of which exceeded $400,000.

Defendants contend they cannot be charged with the knowledge that they had paid more than $400,000 in claims under the policy. However, it strains credulity to suggest that Defendants were ignorant of that fact at the time of initial service. In fact, an email exchange between Manhattan Life Insurance Company's general counsel and Plaintiff's attorney regarding Plaintiff's claim squarely belies any such suggestion. On October 9, 2013, in reply to an email sent by Plaintiff's counsel, the insurer's general counsel acknowledged that the company had "reviewed the claim file and correspondence between the parties." (Doc. No. 6–2 at p. 1.) General counsel then proceeded to discuss in detail various aspects of the insurance policy and Plaintiff's claim. He concluded his email by stating:

> [I]f [Plaintiff] was "appointed as beneficiary" under the policy as you contend, it is our position she would have only been entitled to payment of any unpaid benefits due to Mr. Brewster after his death . . .
>
> Here, we paid all benefits to Mr. Brewster before he died. No benefits were owed to Mr. Brewster upon his death; therefore, even if [Plaintiff] was "appointed as beneficiary" she is not owed

---

1. Plaintiff maintains, and has presented evidence establishing, that her counsel sent Defendant Manhattan Insurance Group a copy of the initial Complaint on September 13, 2013, and in the transmittal letter notified that Defendant that the Complaint had been filed in state court that same day. (Doc. No. 6–1.) Nevertheless, the Court will treat formal service of the Complaint on October 22, 2013 as the event that triggered the 30–day removal window.

any benefits because all benefits were paid before Mr. Brewster died.

(*Id.* at pp. 1–2.) Based on these statements, it is abundantly clear that at the time of formal service of the initial Complaint, the Defendants were well aware of the benefits paid under the policy. In this particular case, ignoring the Defendants' knowledge regarding the total policy payout would elevate form over substance.[2]

Based on the foregoing, the Court rejects Defendants' argument that Plaintiff's response to Defendants' interrogatories was the first document that established the existence of diversity jurisdiction. Because Defendants did not remove this case within 30 days of formal service of the initial Complaint, from which the requisite amount in controversy was apparent, their removal notice was untimely.[3]

2. This case is REMANDED to the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida (state case number 2013–CA–2950).

3. In its discretion, the Court declines to award attorney's fees, costs and expenses pursuant to 28 U.S.C. § 1447.

4. Plaintiff's Unopposed Motion for 60 Day Extension [of] the Discovery Period (Doc. No. 27), filed on July 29, 2014, is moot. Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Doc. No. 3), filed in state court on December 2, 2013, is left to the state court to decide. However, the Clerk of the U.S. District Court shall terminate the motion to dismiss as a pending motion in this federal case.

2. The parties accuse each other of gamesmanship. There seems to be more than enough gamesmanship to go around in this case.

3. The Court also rejects Defendants' argument that they could not ascertain until Plaintiff answered Defendants' interrogatories

5. The Clerk of the U.S. District Court shall close this federal case.

whether the parties were completely diverse. Plaintiff's interrogatory answer told Defendants little, if anything, more than they already knew concerning the citizenship of Manhattan Insurance Group, Inc.